IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTONIO OSBORNE, 1608814, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-1913-M |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner challenges his conviction for possession of a controlled substance in the amount of four grams or more but less than 200 grams, with intent to deliver, enhanced. *State of Texas v. Antonio Osborne*, No. 2-09-326 (382nd Jud. Dist. Ct., Rockwall County, Tex., Dec. 2, 2009).  Petitioner was sentenced to forty years in prison.

On March 31, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. *Osborne v. State*, No. 05-09-01488-CR, 2011 WL 1238384 (Tex. App. – Dallas Mar. 31, 2011, pet. dism'd).  On October 5, 2011, the Court of Criminal Appeals dismissed Petitioner's petition for discretionary review as untimely.

On June 4, 2012, Petitioner filed his first state application for writ of habeas corpus. *Ex*

*parte Osborne*, No. 40,162-05.  On August 8, 2012, the Texas Court of Criminal Appeals dismissed the petition.  On September 18, 2012, Petitioner filed his second state habeas application.  *Ex parte Osborne*, No. 40,162-06.  On December 19, 2012, the Texas Court of Criminal Appeals denied the application without written order.

On May 15, 2013, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254.  He argues:

 (1) The state habeas court improperly denied his claims;

 (2) He was denied access to the courts during the summer of 2012 due to excessive heat and farm animal smells; and

 (3) He received ineffective assistance of counsel when trial and appellate counsel failed to attack the validity of the in-car video recording and the traffic violation warranting the initial stop.

On October 18, 2013, Respondent filed his answer.  Petitioner did not file a reply.  The Court now finds that claims one and three should be dismissed as barred by the one-year statute of limitations and claim two should be dismissed as not cognizable on habeas review.

## II.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

On March 31, 2011, the Fifth District Court of Appeals affirmed the conviction and sentence. Petitioner failed to file a timely petition for discretionary review. His conviction therefore became final on May 2, 2011, which was thirty days after his conviction was affirmed. *See* Tex. R. App. P. 68.2(a)[2]; *see also Gonzales v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (stating the judgment becomes final at the expiration of the time for seeking direct review, regardless of when mandate issues). Petitioner then had one year, or until May 2, 2012, to file

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] The thirtieth day fell on a Saturday, therefore Petitioner had until Monday, May 2, 2011 to file his petition. *See* Tex. R. App. P. 4.1(a).

his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his first state habeas petition until June 4, 2012, which was after the one-year limitations period expired.[3] He therefore is not entitled to statutory tolling.

Petitioner was required to file his petition by May 2, 2012. He did not file his petition until May 15, 2013. His claims are therefore untimely.

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

---

[3]Respondent states Petitioner's first state habeas petition was dismissed for failure to either "fully complete the 'Oath Before a Notary Public' or the "Inmate's Declaration" on the habeas form. (Answer at 8.) The Court of Criminal Appeal's decision page states the petition was dismissed, but it does not state a reason. *Ex parte Osborne*, No. 40,162-05 at cover. Further, Petitioner did fill out and sign the Inmate's Declaration, although he did not date it. It is unclear why the state court dismissed the petition.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**            Page -4-

Petitioner states he was diagnosed with hypertension in 2010 and this condition "hinders" his ability to manage his legal affairs. Petitioner, however, has not explained or submitted any evidence regarding how this condition prevented him from timely filing his habeas petition. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**C.     Civil Rights Claims**

Petitioner claims he was subjected to excessive heat and farm animal smells while he was incarcerated. He states these conditions deprived him of sleep and access to the courts. These claims are not cognizable under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). These claims should be dismissed.

**RECOMMENDATION**:

The Court recommends that (1) Petitioner's civil rights claims be dismissed without prejudice and (2) Petitioner's habeas corpus claims be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26th day of March, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).